IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 19, 2015


STATE OF TENNESSEE v. ANDREW BRIAN SANTORA

Appeal from the Criminal Court for Hamilton County
No. 268420      Don W. Poole, Judge

_____


No. E2015-00177-CCA-R3-CD – Filed November 17, 2015
_____


The defendant, Andrew Brian Santora, appeals the trial court's revocation of his probation. He argues that the evidence is insufficient to support the revocation and that the trial court should have imposed an alternative sentence. Following our review, we affirm the judgment of the trial court.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and TIMOTHY L. EASTER, JJ., joined.

Matthew Steven Brock, Chattanooga, Tennessee, for the Appellant, Andrew Brian Santora.

Herbert H. Slatery III, Attorney General and Reporter; Meredith DeVault, Assistant Attorney General; Neal Pinkston, District Attorney General; and Cameron Williams, Assistant District Attorney General, for the Appellee, State of Tennessee.


OPINION

## FACTS AND PROCEDURAL HISTORY

The defendant was charged with attempted first degree murder, a Class A felony, and aggravated assault, a Class C felony. On September 17, 2008, the defendant pled guilty to aggravated assault. He received a six-year sentence suspended to probation, and the State dropped the attempted first degree murder charge.

In the ensuing years between the defendant's guilty plea and the probation revocation that is the subject of this appeal, the trial court revoked the defendant's probation three times. For the first revocation, the court ordered the defendant to serve six months in jail with the balance of his sentence to be served on enhanced supervised probation. After the second revocation, the trial court released the defendant after time served with the remainder of his sentence to be served on enhanced supervised probation. For the third revocation, the trial court ordered the defendant to serve eleven months and twenty-nine days in jail and the remaining portion of his sentence on enhanced probation.

On July 15, 2014, a fourth probation violation report was filed. The report alleged that the defendant was arrested on new charges and had failed to pay his probation fees. At the outset of the revocation hearing, the defense conceded that a probation violation occurred and asked only that the trial court impose an alternative sentence.

James Rox, the defendant's probation officer, testified that he filed a probation violation against the defendant because he was charged with new criminal offenses and "had some arrearage in his probation fees" totaling almost $1200. Mr. Rox testified that the defendant was charged with burglary and theft of property and that he pled guilty to the lesser included offenses of solicitation to commit burglary and theft of property under $500. Mr. Rox stated that he had filed at least two prior probation violations against the defendant and that the defendant had three prior probation revocations. Mr. Rox explained that several of the criminal charges that led to probation violation reports were later dismissed but that the probation revocations were sustained for technical violations. He stated that the defendant was "very much on-again/off-again" in terms of obtaining and maintaining employment. Mr. Rox testified that the defendant was employed at the time of the instant revocation and that the defendant had made one payment toward his probation fees.

Mr. Rox testified that the defendant had "a pretty bad home environment" and "some pretty heavy baggage in his past" that made it difficult for him to secure permanent employment. Mr. Rox opined that "a different home environment might be good for" the defendant.

2

A member of a religious community outreach program, identified in the record only as "Mr. Sanders," testified that he worked with Transformation Project. Transformation Project is a Christian-based program designed to help participants "to turn their lives around," and the program includes classroom-based instruction. Mr. Sanders explained that participants in Transformation Project have to be accepted into the program, complete required coursework, and actively participate in classroom sessions. Upon completion of the program and release from incarceration, participants are required to attend meetings, obtain employment, and satisfy the court-ordered conditions of probation. Participants also must attend a weekly church service and are randomly drug tested. Mr. Sanders stated that he had not personally dealt with the defendant, but he testified that the defendant had completed Transformation Project since his incarceration and would be a candidate for the program if he were released.

The defendant testified that Mr. Rox was correct in his assessment of the defendant's tumultuous family life. He had several family members who were addicted to drugs and a four-year old daughter who was currently living with his grandmother. He stated that the Transformation Project had been very beneficial to him. The defendant explained that he received his GED and completed the first of five core curricula in his anger management program while incarcerated. He testified that he wanted to change his life for the better for the sake of his grandmother and daughter. He explained that if he were released, he wished to live with his grandmother. The defendant stated that he had spoken with his previous employer several times and that his old job was still available. He testified that he would continue to be involved in Transformation Project if he were released.

The defendant agreed that he was still on probation in Georgia for a forgery conviction. He agreed that he was on probation for the forgery conviction when he pled guilty to aggravated assault in Tennessee. He testified that he was also on probation in Georgia for a driving offense. He stated that his Georgia probation had been revoked two or three times.

The defendant explained the events that led to his charges for solicitation to commit burglary and theft of property under $500, for which he was currently incarcerated. The defendant was riding in a car with his younger brother, and his brother pulled up to a house and asked the defendant to see if anyone was home. The defendant knocked on the door, and no one answered. He informed his brother, who asked the defendant to help him load a four-wheeler and a dirt bike into the back of his truck. The defendant's younger brother did not explain why he was picking up these items, but the defendant later learned that his younger brother was stealing them. Shortly after the items were loaded into the truck, police began to follow the two men and attempted to pull them over. The defendant's younger brother fled on foot, and the defendant walked

3

to the end of the street, where he was arrested. The defendant testified that he helped his younger brother commit a crime, that he was wrong to do so, and that he pled guilty to the offenses.

The trial court found by a preponderance of the evidence that the defendant violated the terms of his probation. The court found, "overwhelmingly," that the defendant violated his probation by committing the offenses of theft and solicitation to commit burglary. The court sympathized with the defendant's difficult home life but found that "at some point in time, the line has to be drawn on continually coming before the Court." The court noted that while the defendant expressed a desire to change his life for his daughter, he continued to violate his probation and have it revoked. The court found that based upon the defendant's multiple prior revocations and his current violation, his sentence should be ordered into execution.

## ANALYSIS

The defendant contends that the trial court abused its discretion by revoking his probation. He contends that there was insufficient evidence to support his revocation of probation. The defendant also argues that the trial court should have imposed an alternative sentence and permitted the defendant to receive treatment through Transformation Project. The State responds that the trial court properly revoked the defendant's probation and ordered his sentence into execution.

A trial court's decision to revoke probation is reviewed under an abuse of discretion standard. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). Generally, a trial court abuses its discretion when it "applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The trial court may revoke probation if it finds by a preponderance of the evidence that a defendant violated a condition of his or her probation. T.C.A. § 40-35-311(e)(1) (2010); *State v. Kendrick*, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005). "The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment." *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). After the court finds that a defendant violated a condition of probation, the court may order the imposition of the original sentence, return the defendant to probation under modified conditions, or extend the probation for a period not exceeding two years. T.C.A. § 40-35-310, -311(e), -308(a), (c).

At the beginning of the revocation hearing, the defendant conceded that he had violated the terms of his probation. Mr. Rox testified that he filed a probation violation

report against the defendant because the defendant was charged with burglary and theft of property over $500 and had some arrearages in the payment of his probation fees. Mr. Rox testified that the defendant pled guilty to solicitation to commit burglary and theft of property under $500. The defendant testified that he pled guilty to the charges and admitted that he was guilty of the crimes. We conclude that the record supports the trial court's finding that the defendant violated the terms of his probation.

In ordering the defendant's sentences into execution, the court found that the defendant continually failed to comply with the terms of the alternative sentences that he received. The court noted that the defendant had his probation revoked three times prior to the instant revocation. This court has repeatedly observed that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." *State v. Jeffrey A. Warfield*, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999); *see also State v. Marisa Ann Shrum*, No. E2014-00954-CCA-R3-CD, 2015 WL 537203, at *3 (Tenn. Crim. App. Feb. 10, 2015), *perm. app. denied* (Tenn. Apr. 10, 2015). We conclude that the trial court did not abuse its discretion in revoking the defendant's probation and ordering the defendant's original sentence into execution.

## CONCLUSION

Based on the foregoing reasoning, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE

5